**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| GARY MACHETTA, IN THE INTEREST OF I.M.M. AND K.R.M., | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | Case No. 4:16-cv-2377 |
| THE HONORABLE CONRAD L. MOREN, 310TH DISTRICT COURT ASSOCIATE JUDGE AND THE HONORABLE LISA A. MILLARD, 310TH DISTRICT COURT JUDGE. | § § § § § § § | |
| *Defendants*. | § | |

**REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS**

The Honorable Lisa A. Millard ("Judge Millard") and The Honorable Conrad L. Moren ("Judge Moren") (collectively "Defendants") filed their respective motions to dismiss. Judge Millard's Mot. Dismiss, ECF No. 11; Judge Moren's Mot. Dismiss, ECF No. 19. Plaintiff Gary Machetta ("Machetta") filed responses and Judge Millard and Judge Moren filed replies. ECF Nos. 15, 19, 27, 30, 38, 39, 43, 45, & 51. On December 29, 2016, United States District Judge Kenneth M. Hoyt referred Defendants' motions to dismiss for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See* Order of Referral, ECF No. 39. The Court recommends that both motions to dismiss be granted.

## I. BACKGROUND

This case arises out of a child custody dispute, involving allegations that, for more than a year, Plaintiff's adult stepson sexually abused Plaintiff's minor daughter while she was in his custody. Although masked as a civil rights action, stripped to its core, Plaintiff seeks reversal of

1

a temporary restraining order ("TRO") issued against him in his ongoing Suit Affecting the Parent-Child Relationship ("SAPCR"), *In The Interest of I.M and K.M.*, Case No. 2007-50042. Pl.'s Compl., ECF No. 1. Plaintiff complains that the procedures and standards used to issue the TRO violated his children's and his constitutional rights and protections. *Id.* Plaintiff sues two state court judges who, at different times, presided over the SAPCR in family court: Judge Millard, the District Judge for the 310th District Court; and Judge Moren, the Associate Judge for the 310th District Court. *Id*. at 3.

Plaintiff and his ex-wife, Arlene Machetta, divorced in 2008. *Id.* at 15. In 2011, the state court declared Plaintiff and his ex-wife as joint-managing conservators of their two children and each parent was entitled to possession of the children 50% of the time. *Id.* Ex. B ¶ 1 (Arlene Machetta's emergency Mot. for TRO); Ex. F p. 2 (Judge Millard's Mar. 30, 2011 order on motions to modify parent-child relationship).

On July 8, 2016, Plaintiff's minor daughter informed her mother that Plaintiff's adult stepson had been sexually abusing her for over a year while Plaintiff was present at the home and aware of this abuse. *Id.* Ex. B ¶¶ 4-8, Ex. C pgs. 1-3 (Arlene Machetta's Aff. in support of emergency TRO). Plaintiff's ex-wife filed an emergency motion for TRO and hearing in the SAPCR to modify the child custody order, which otherwise would have allowed Plaintiff to obtain custody for an extended summer vacation beginning on July 18, 2016, three days after the filing. *Id.* at 8, Ex. B. Without a hearing, the state court entered a TRO, restraining Plaintiff from visitation until an investigation could be undertaken and completed. *Id.* at 9-10, Ex. A. (Judge Moren's July 15, 2016 Order granting emergency TRO and setting emergency hearing).

Plaintiff filed a motion to dissolve the TRO and requested a hearing. *Id* at 9-10. Within a week, Judge Moren held a hearing, denied Plaintiff's motion, and instead extended the temporary

restraining order for another twenty-eight days. *Id.* at 10-11. Plaintiff availed himself of an immediate state court appellate remedy: a writ of mandamus. Plaintiff filed a petition for writ of mandamus on the interlocutory order in the Texas Court of Appeals, which the court denied on January 23, 2017. *In re Gary Machetta*, No. 01-17-00009-CV, 2017 WL 343604, at *1 (Tex. App.—Houston [1st Dist.] Jan. 23, 2017, no pet.); Judge Millard's Notice of Tex. Ct. App. Decision, ECF No. 51. The SAPCR is still pending in the family trial court.[1]

Plaintiff then proceeded to involve the federal court system. On August 8, 2016, Plaintiff filed suit in federal court on behalf of himself and his children, pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C §§ 2201-02, naming Judge Millard and Judge Moren as Defendants. Pl.'s Compl. 16-26, ECF No. 1. In this case, Plaintiff seeks a declaration that certain federal constitutional rights under the First, Fourth, and Fourteenth Amendments[2] apply in a SAPCR proceeding and that the procedures used in the state court were unconstitutional.[3] *Id.* Plaintiff seeks a declaratory judgment to determine what procedures are necessary to protect his rights in the SAPCR in future proceedings. *Id.* Plaintiff further seeks to enjoin Judge Millard and Judge Moren from enforcing the TRO. *Id.* Plaintiff argues that the scope of this relief is

---

[1] The docket entries for this case are publicly available, but the documents and images are restricted form public access. The 310th District Court granted a permanent injunction on March 7, 2017. Pending are proposed findings of facts and conclusions of law, filed on April 3, 2017. *Machetta v. Machetta*, No. 2007-50042, *available at* http://www.hcdistrictclerk.com/Edocs/Public/search.aspx?ShowFF=1

[2] These rights include his First Amendment right to associate, engage in free speech with his children, and engage in legal speech; his Fourth Amendment right to not have his children seized away from him, his money seized from him, and his children's right to not be seized from his care; his Fourteenth Amendment right to liberty, privacy, equal protection, and due process.

[3] These procedures include the "best interest of the child" standard, how a SAPCR is initiated, the appointment of an amicus attorney to represent his children, and the requirement that Plaintiff contribute money toward his children's attorney.

necessary to prevent future injury and "require the state district court to perform its duty on pain of answering directly to [the federal district] court for fail[ing] to do so." *Id*. at 7.

Judge Millard and Judge Moren filed motions to dismiss for lack of subject-matter jurisdiction and failure to state a claim. *See* Fed. R. Civ. P. 12(b)(1), (6). Because the Court finds that Plaintiff lacks standing and abstention principles require that the Court refrain from the exercise of any jurisdiction, the Court recommends that the motions to dismiss be granted.[4]

## II. PLAINTIFF LACKS STANDING TO BRING SUIT AGAINST THESE JUDGES

Before the court can address the merits of a case, it must have subject-matter jurisdiction, which includes finding that the plaintiff has standing to bring suit. *Gilkerson v. Chasewood Bank*, 1 F. Supp. 3d 570, 580 (S.D. Tex. 2014) (Harmon, J.) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102 (1998)).[5] Accordingly, the Court first considers whether Plaintiff has standing to challenge the constitutionality of Texas' SAPCR statutes through a suit against these two family court judges. *See Juidice v. Vail*, 430 U.S. 327, 331 (1977) (analyzing suit against judge for standing); *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003) (same).

Article III of the Constitution limits a federal court's jurisdiction to matters that are deemed "cases" or "controversies." *Ruiz v. Estelle*, 161 F.3d 814, 829 (5th Cir. 1998) (citing

---

[4] Because Plaintiff lacks standing and abstention requires the Court to refrain from exercising any jurisdiction over this case, the Court does not address whether Plaintiff has pled a cognizable claim under Rule 12(b)(6). *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (noting that when a motion argues for dismissal based on 12(b)(1) and 12(b)(6), the court should address the 12(b)(1) motion that attacks subject-matter jurisdiction first).

[5] A "court may find that subject matter jurisdiction is lacking based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

U.S. CONST. art. III, § 2 and *Raines v. Byrd*, 521 U.S. 811, 818 (1997)).[6] To meet Article III standing in a suit for injunctive or declaratory relief, the plaintiff must allege facts showing a substantial and continuing controversy between adverse parties. *Bauer*, 341 F.3d at 358. Thus, Plaintiff must show that he and Defendants have adverse legal interests. *See id.* at 359 (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937)). However, there is no adversity between a judge who acted in his or her adjudicative capacity and a plaintiff who challenges the constitutionality of a statute. *Id.* (Section 1983 provides no relief against judge acting in purely adjudicative capacity). A judge who sat as an arbiter has no personal or institutional stake in the constitutional controversy, had no role in the statute's enactment, and did not initiate the state suit. *Id.* (plaintiff lacked standing to bring suit against probate court judge who appointed temporary guardian as there was no case or controversy under Article III).[7]

Although Plaintiff claims to challenge the constitutionality of various state rules and procedures of the SAPCR, under the facts alleged, Judge Millard and Judge Moren were acting solely in their adjudicative capacities. Therefore, they do not have legal interests adverse to Plaintiff. To circumvent this lack of adversity, Plaintiff vaguely asserts that the trial court

---

[6] A plaintiff must show that an actual controversy exists at all stages, not just when the complaint was filed. *Bauer*, 341 F.3d at 358 (citing *SEC v. Med. Comm. for Human Rights*, 404 U.S. 403, 404-407 (1972)). The case or controversy requirement under the Declaratory Judgement Act, 28 U.S.C. § 2201(a), "is [also] identical to the meaning of 'case or controversy' for the purposes of Article III." *Bauer*, 341 F.3d at 358 (quoting *Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997)).

[7] Other courts have similarly ruled that there is no adversity between a plaintiff and a state judge who acts in his adjudicative capacity. *See e.g., Listenbee v. Reynolds*, 201 F.3d 194, 200 (3d Cir. 2000) (finding that judges were acting as "neutral arbitrators" and were not the proper parties to defend the constitutionality of the statute that allows parents to seek to involuntary commit their minor child in drug treatment); *Grant v. Johnson*, 15 F.3d 146, 148 (9th Cir. 1994) (finding that a judge who appointed a temporary guardian for a person deemed mentally incompetent was acting in his adjudicatory capacity and was not a proper party in a § 1983 suit contesting the constitutionality of the statute); *Mendez v. Heller*, 530 F.2d 457, 459 (2d Cir. 1976) (affirming district court's finding that judge's "posture would be that of an entirely disinterested judicial officer and not in any sense the posture of an adversary to the contentions made on either side of the case"); *Kuhn v. Thompson*, 304 F. Supp. 2d 1313, 1321 n.9 (M.D. Ala. 2004) (recognizing that judge-defendants were not the proper defendants in a suit challenging the constitutionality of a state statute).

is transformed from an impartial judicial actor into an executive actor executing the state's agenda to always assert the state's opinion of what is in the child's best interest over that of the fit parents [and therefore] Plaintiff is denied a hearing before an impartial judge and is instead 'judged' by an executive agent of the state.

Pl's Compl. 6, ECF No. 1. However, Plaintiff alleges no additional facts showing that Judge Millard and Judge Moren were transformed into "executive agent[s] of the state."

To the contrary, judges in a SAPCR act exclusively in an adjudicative capacity because they do not initiate proceedings. Tex. Fam. Code Ann. § 102.003 (listing persons or entities that may file an original suit); *see Supreme Court of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 724 (1980) (finding that judges who had independent authority to initiate proceedings against attorneys were the proper defendants in a § 1983 declaratory and injunctive suit); *Bauer*, 341 F.3d at 361 (no adversity when judge could not initiate guardianship proceedings, but could appoint a guardian).

A judge presiding over a SAPCR makes rulings based on the "best interest of the child." Tex. Fam. Code. § 153.002. To do so, he or she must interpret the meaning of this standard and then apply it to the set of facts in the record. *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976) (noting that the statute does not define "best interest of the child," and delineates nine factors for courts to consider); *Coburn v. Moreland*, 433 S.W.3d 809, 827 (Tex. App.—Austin 2014, no pet.) ("there is no bright-line rule for determining what is in a child's best interest; each case must be determined on its unique set of facts"). Further, a SAPCR proceeding must adhere to certain judicial protections, including notice requirements as well as using a preponderance standard of proof and the Texas Rules of Evidence. *See* Tex. Fam. Code Ann. §§ 104.001 (Texas Rules of Evidence apply), 105.003(a) ("proceedings shall be as in civil cases generally"), 105.005 (decisions are "based on a preponderance of the evidence"), 160.403 ("Notice must be

given in a manner prescribed for service of process in a civil action."). The function of a judge in a SAPCR proceeding is exclusively adjudicative. *See Bauer*, 341 F.3d at 361 ("[T]he requirements that the judge be presented with evidence, that an application be filed, notice be given, and a hearing be held, all of which were followed here, demonstrate that a judge acts in his adjudicatory capacity in appointing a temporary guardian.").

Based on the facts alleged, Judge Millard and Judge Moren were acting solely in their adjudicative capacities; therefore, there is no adversity between the Parties to establish a case or controversy. Because the Plaintiff lacks standing under Article III, the case should be dismissed for a lack of subject-matter jurisdiction. *See Crane v. Johnson*, 783 F.3d 244, 255 (5th Cir. 2015) (dismissing claims for lack of subject-matter jurisdiction because the plaintiffs had not alleged a "sufficient injury in fact to satisfy the requirements of constitutional standing").

### III.  THE COURT SHOULD ABSTAIN FROM INTERFERING WITH PENDING STATE COURT CHILD CUSTODY PROCEEDINGS

This Court has federal question jurisdiction because Plaintiff asserts a § 1983 claim raising constitutional violations.[8] In rare cases, a federal court abstains from the exercise of federal jurisdiction. *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 593 (2013) (abstention is "reinforced by the notion of comity, that is, a proper respect for state functions." (internal

---

[8] Defendants argue that the Anti-Injunction Act, 28 U.S.C. § 2283, and other abstention doctrines, including the *Pullman*, *Colorado River*, *Brillhart*, and *Rooker-Feldman* doctrines, prevent the Court from exercising jurisdiction. Because the Court finds that *Younger* abstention applies, it need not address these other abstention arguments. *See Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004) ("The exercise of discretion must fit within the narrow and specific limits prescribed by the particular abstention doctrine involved. A court necessarily abuses its discretion when it abstains outside of the doctrine's strictures." (quoting *Webb v. B.C. Rogers Poultry, Inc.*, 174 F.3d 697, 701 (5th Cir. 1999)). However, the domestic relations exception applies in diversity cases, not when the court has federal question jurisdiction. *See Estate of Merkel v. Pollard*, 354 F. App'x 88, 92 (5th Cir. 2009) (per curiam) (unpublished) ("the domestic-relations exception to federal jurisdiction is not applicable in this federal-question action to quiet title"); *Addington v. Addington*, No. H-12-cv-1090, 2013 WL 960629, at *4 (S.D. Tex. Mar. 12, 2013) (Harmon, J.) (recognizing that the domestic-relations exception does not apply when the court has federal question jurisdiction).

citations omitted)). Under *Younger* abstention, federal courts must refrain from interfering in ongoing state proceedings in three exceptional circumstances: (1) state criminal prosecutions; (2) certain civil enforcement proceedings akin to criminal prosecutions; and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *New Orleans Publ. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 368 (1989) ("*NOPSI*") (citing *Younger v. Harris*, 401 U.S. 37 (1971); *accord Sprint*, 134 S. Ct. 587.

When a case falls into one of these three exceptional categories, the court must analyze three additional factors to determine if abstention is warranted. *Sprint,* 134 S. Ct. at 593; *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016). First, there must be an ongoing state judicial proceeding. *Sprint*, 134 S. Ct. at 593. Second, the case must implicate an important state interest in the subject matter of the proceeding. *Id.* Third, the plaintiff must be afforded an adequate opportunity to raise his constitutional challenge. *Id.* (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Unless the case falls under one of the three exceptional circumstances, it is improper for the court to rely on the *Middlesex* factors to invoke *Younger* abstention. *Sprint*, 134 S. Ct. at 593. Otherwise, relying on "the three *Middlesex* conditions would extend *Younger* to virtually all parallel state and federal proceedings, at least where a party could identify a plausibly important state interest." *Id.*[9]

---

[9] *Younger* recognized two exceptions where the federal court should not abstain: (1) when state prosecutions were undertaken in bad faith or to harass; and (2) when the statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." 401 U.S. at 53-54; *see* Erwin Chemerinsky, Federal Jurisdiction, § 13.4 (6th ed. 2012) (recognizing that the United States Supreme Court has never applied this exception). These two exceptions are not present in this case.

Plaintiff's complaints in this Court are inextricably connected to an ongoing child custody proceeding in Texas state court. *See Wilson v. York*, No. 4:17-cv-0705, 2017 WL 1196219, at \*2 (S.D. Tex. Mar. 31, 2017) (Atlas, J.) (divorce case).[10] Thus, this case fits into the third exceptional category of *Younger* abstention. *See id.; Karl v. Cifuentes,* No. 15-cv-2542, 2015 WL 4940613, at \*4 (E.D. Pa. Aug. 13, 2015) ("Custody cases are particularly appropriate for *Younger* abstention."). Plaintiff alleges constitutional violations from a state court child custody proceeding that resulted in a temporary order granting Plaintiff's ex-wife physical custody of their children. Pl.'s Compl. 9-10, Ex A, ECF No. 1. The child custody case is still pending in state court and that court has ongoing jurisdiction to modify the custody order. *See* Tex. Fam. Code Ann. §§ 155.001-003. Because of the state's interest in protecting the welfare and safety of children subject to its custody orders, a state court must be able to issue a restraining order when a party alleges sexual abuse of a minor child. *See Moore v. Sims,* 442 U.S. 415, 435 (1979) (finding a "compelling state interest in quickly and effectively removing victims of child abuse from their parents"). A TRO is the type of order that a court issues that is "uniquely in furtherance of the state courts' ability to perform their judicial functions." *NOPSI*, 491 U.S. at 368; *see Karl,* No. 15-cv-2542, 2015 WL 4940613, at \*4 (finding that a temporary order granting a party physical custody of a child is the type of "order that is uniquely critical to state court's ability to perform its judicial function, that is, to decide what is in the best interest of the children."); *see also Wilson*, 2017 WL 1196219, at \*2 (finding that complaints about ongoing divorce proceeding "are inextricably connected to an ongoing divorce proceeding in Texas court," and fit into the third *Younger* category).

---

[10] *Cf. Pennzoil v. Texaco,* 481 U.S. 1, 25 (1987) (If the constitutional claims "are inextricably intertwined with the merits of a judgment rendered in state court, 'then the district court is in essence being called upon to review the state-court decision. This the district court may not do.'") (Marshall, J., concurring).

If this Court were to exercise its jurisdiction and declare how the state court should determine custodial rights, this federal court would interfere with the state court's ability to adjudicate the case and efficiently determine what is in the best interest of Plaintiff's children. *Karl*, 2015 WL 4940613, at \*4; *see Johnson v. Byrd*, No. 1:16-cv-1052, 2016 WL 6839410, at \*8 (M.D.N.C. Nov. 21, 2016) ("preventing the Judge Defendants from enforcing their orders . . . would directly interfere with the Judge Defendants' performance of their judicial function of overseeing and adjudicating Plaintiff's child custody dispute.").

After finding that this case fits into the third *Younger* scenario, the Court must now examine the three *Middlesex* factors, which weigh in favor of abstaining in this case. *See Google*, 822 F.3d at 222-23.

**A.**     **There Was an Ongoing State Proceeding When Plaintiff Filed Suit in Federal Court**

There was an ongoing state proceeding when Plaintiff filed his complaint in federal court. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987). Plaintiff admits as much. Pl.'s Compl. 14, 15, ECF No. 1. Further, under Texas law, once a SAPCR has been initiated, that court has continuing and exclusive jurisdiction over all matters in connection with the child. Tex. Fam. Code Ann. §§ 155.001-003.

**B.**     **The State Has an Important Interest In Child-Custody Disputes**

Child custody matters are a traditional area of state concern where federal abstention is particularly appropriate. *Karl*, 2015 WL 4940613, at \*4-5; *see Andkenbradt v. Richards,* 504 U.S. at 689, 703 (1992) ("[t]he whole subject of the domestic relations of husband, wife, parent and child, belongs to the law of the States and not to the law of the United States"). Child-custody and familial relations involve important state interests. *DeSpain v. Johnston*, 731 F.2d 1171, 1179 (5th Cir. 1984) ("family relations are a traditional area of state concern," and finding

that the second *Younger* factor was present (quoting *Moore*, 442 U.S. at 434)); *Karl*, 2015 WL 4940613, at \*5 ("Divorce and child custody cases have traditionally been addressed, almost exclusively, by state courts."); *Shqeir v. Martin*, No. 3:97-cv-1887, 1997 WL 587482, at \*2 (N.D. Tex. Sept. 15, 1997) ("state clearly has an important interest in" a divorce and child custody dispute).

**C.     Plaintiff Had an Adequate Opportunity To Raise His Constitutional Challenges**

"State courts are competent to review violations of federal constitutional law." *Shqeir,* 1997 WL 587482, at \*3. The plaintiff bears the burden to show that the opportunity to raise the challenge in the state proceeding is inadequate. *Odonnell v. Harris Cnty., Texas*, No. H-16-cv-1414, 2016 WL 7337549, at \*11 (S.D. Tex. Dec. 16, 2016) (Rosenthal, J.) (citing *Pennzoil*, 481 U.S. at 14). Plaintiff failed to show that he was not afforded an adequate opportunity to raise his constitutional challenge in the state proceeding. *See Moore,* 442 U.S. at 425-26 ("abstention is appropriate unless state law clearly bars the interposition of the constitutional claims"). Plaintiff argues that Judge Millard ignored his constitutional challenges and denied it without explanation. Pl.'s Resp. to Judge Millard's Mot. Dismiss, at 2, 5 n.5, 8, ECF No. 15. This argument is unavailing because "*Younger* only requires that there is an *opportunity* to raise constitutional challenges." *Rickhoff v. Willing*, 457 F. App'x 355, 359 (5th Cir. 2012) (per curiam) (unpublished) (citing *Juidice*, 430 U.S. at 337) (emphasis added).

Moreover, even if the trial court was deemed an inadequate opportunity, Plaintiff filed a writ of mandamus in the court of appeals and obtained review of the trial court's ruling. 2017

WL 343604, at *1.[11] The availability of a writ of mandamus afforded Plaintiff an opportunity to make a constitutional challenge. *See Earle*, 388 F.3d at 521 (finding that third factor was met because the plaintiffs had ample opportunity to raise constitutional claims and did so at the trial level and appellate level); *Shqeir*, 1997 WL 587482, at *3 (finding third factor met when the plaintiff filed a writ of mandamus).

Further, plaintiff can seek relief on a direct appeal once his judgment becomes final. *See Moore*, 442 U.S. at 426 ("Texas law is apparently as accommodating as the federal forum" in constitutional challenges to the Texas family code); *Shqeir*, 1997 WL 587482, at *3 ("On direct appeal, Plaintiff will be given an adequate opportunity to have her federal constitutional claims heard; the Texas court system is well-equipped to consider and decide issues" involving whether a parent's due process rights were violated in a child-custody proceeding.). If appealing the issue through the state appellate system is unsatisfactory, the plaintiff can file an application for a writ of certiorari to the United States Supreme Court. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (noting that the plaintiff's only recourse in federal court was through the state appellate courts and then the United States Supreme Court but not by complaint to the federal district court). Thus, Plaintiff has ample opportunity to challenge the constitutionality of the judges' rulings in the Texas state courts.[12]

---

[11] Judge Millard also asks that the Court dismiss the action based on *res judicata* and collateral estoppel because the Texas court of appeals has ruled on the issue. Judge Millard's Notice of Tex. Ct. App. Decision, ECF No. 51. The Court does not base its ruling on this argument.

[12] Although it is not clear from Plaintiff's complaint if he is making a facial or an as applied challenge to various provisions of the Texas Family Code, the Texas family court system and its appellate courts are capable of hearing both types of challenges. *See, e.g., In re Baby Girl S.*, 407 S.W.3d 904 (Tex. App.—Dallas 2013, pet. denied) (analyzing whether Tex. Fam. Code § 156.101 is unconstitutional on its face and as applied to the appellant).

Accordingly, even if the Court were to find that Plaintiff has standing to bring suit, the Court should abstain under *Younger* from interfering with pending child-custody matters. *See Pennzoil*, 481 U.S. at 14 ("proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand").

## IV.     CONCLUSION

The Court finds that Plaintiff lacks standing to bring this case as no case or controversy exists between Plaintiff and the Defendant state court judges. Further, the Court should exercise its discretion to abstain from ruling on this case in light of the pending state court custody proceedings. Accordingly, this Court **RECOMMENDS** that Defendants' motions to dismiss be **GRANTED**.

The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Ortiz v. San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on April 13, 2017, at Houston, Texas.

**Dena Hanovice Palermo**
**United States Magistrate Judge**